```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JESUS GIRON,                                                :
                                     Petitioner,            :
                                                            :      15 Civ. 2951 (LGS) (MHD)
                -against-                                   :
                                                            :      OPINION AND ORDER
CHRISTOPHER SHANAHAN, et al.,                               :
                                                            :
                                     Respondents.           :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/15

LORNA G. SCHOFIELD, District Judge:

Before the Court is the Report and Recommendation of Magistrate Judge Michael H. Dolinger (the "Report"), recommending that the Petition for a Writ of Habeas Corpus be denied. Petitioner timely filed objections to the Report, and Respondents timely filed responses to the objections.[1] For the reasons stated below, the Court declines to adopt the Report and grants Petitioner's requests for a Writ of Habeas Corpus and an individualized bond hearing.

**I.    BACKGROUND**

The relevant facts and procedural history are set out in the Report and summarized here.

**A.    Relevant Factual and Procedural History**

Petitioner -- a citizen of the Dominican Republic -- entered the United States on a K-1

---

[1] In their responses to Petitioner's objections, Respondents assert that Petitioner "fails to name a proper respondent in this matter because none of the named respondents are his 'immediate custodian'" based on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). In *Padilla*, the Supreme Court reviewed jurisdictional issues "in the sense that [jurisdiction] is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." 542 U.S. at 434 n.7. As Respondents requested that the Report be adopted in its entirety on the merits, any objection by Respondents regarding jurisdiction is waived. *See, e.g.*, *Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004) (finding that failure to name proper respondent in federal habeas appeal is a defect in personal jurisdiction that may be waived by the relevant government entity).

visa in 1999 and obtained lawful permanent residency in 2002. He was arrested in Suffolk County in 2010. Because he could not post bail, Petitioner was detained pending resolution of the charges against him.

On March 16, 2011, Petitioner pleaded guilty to attempted sale of a controlled substance in the third degree. Petitioner reached a plea agreement where, upon acceptance of his plea, Petitioner would be released from detention and placed in a drug rehabilitation program, and, if he successfully completed that program, his initial plea would be vacated and a new plea to attempted possession of a controlled substance in the third degree would be entered.

Pursuant to the plea agreement, after the court's acceptance of Petitioner's guilty plea, Petitioner was released from detention and placed in a drug rehabilitation program. Petitioner successfully completed the program by May 1, 2012. On May 11, 2012, Petitioner withdrew his earlier plea and pleaded guilty to criminal possession of a controlled substance in the third degree. Petitioner was then sentenced to a conditional discharge.

On September 3, 2014, more than two years after his May 2012 guilty plea, Petitioner was arrested by the U.S. Immigration and Customs Enforcement ("ICE") and placed in immigration detention. Petitioner has remained in detention since that date, based on the determination by an immigration judge that Petitioner's May 2012 conviction requires mandatory detention under section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c).

During a hearing on October 2, 2014, an immigration judge sustained the charge of removability. At that time, Petitioner requested a bond hearing to secure his release, asserting he was not subject to mandatory detention. The immigration judge invited briefing and heard oral argument on whether mandatory detention applied. On January 22, 2015, the immigration judge

orally denied Plaintiff's request for a bond hearing based on § 1226(c) and memorialized his decision in writing on February 25, 2015.  Petitioner appealed the immigration judge's denial of a bail hearing to the Board of Immigration Appeals ("BIA").  On May 7, 2015, the BIA dismissed Petitioner's appeal in part and remanded for the immigration judge to determine whether Petitioner was physically released from custody following his arrest.  According to Petitioner, the immigration judge made the requisite finding on June 12, 2015, and held that Petitioner was subject to mandatory detention under § 1226(c).

During the proceedings in immigration court, Petitioner sought pro bono or low-cost counsel to pursue a motion to vacate his underlying conviction.  Among other things, Petitioner asserts his conviction must be vacated as his counsel's failure to advise him of the immigration consequences of his guilty plea violated his rights under *Padilla v. Kentucky*, 559 U.S. 356 (2010).  According to Petitioner, he obtained counsel in May 2015 and, on June 11, 2015, filed his application for post-conviction relief in New York state court.  Petitioner's counsel estimates that it will take four to six months for the New York state trial court to resolve Petitioner's motion for post-conviction relief.  Petitioner's counsel further estimates that, if there are appeals, then "[a]ll told, it could take multiple years for Mr. Giron's motion for post-conviction relief to be fully resolved."

    B.    The Report, Petitioner's Objections and Respondents' Responses

Petitioner seeks a Writ of Habeas Corpus, alleging that he has been unlawfully detained by Respondents.  The Report recommends that the Writ be denied and the Petition be dismissed for two reasons.  First, the Report finds that Petitioner is subject to mandatory detention without a bond under § 1226(c).  Second, the Report finds that Petitioner's detention does not violate his Fifth Amendment right to due process.

On August 3, 2015, Petitioner filed objections to the Report, asserting that he is not subject to mandatory detention under § 1226(c) because: (1) he was not detained "*when . . . released*" from state custody, as required by the statute; and (2) he was never "released" from physical custody following his conviction, as required by § 1226(c). Petitioner also contends that his continued detention without a bond hearing violates his right to due process. On August 17, 2015, Respondents responded, requesting that Petitioner's objections be overruled and the Report be adopted in its entirety.

## II.   LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## III.   DISCUSSION

### A.   Mandatory Detention Under § 1226(c)

For the reasons fully stated in this Court's recent opinion in *Minto v. Decker*, No. 14 Civ. 7764, --- F. Supp. 3d ----, 2015 WL 3555803 (S.D.N.Y. June 5, 2015), Petitioner is not subject to mandatory detention under § 1226(c). The language of § 1226(c) is unambiguous; "when the alien is released" means "at or around the time of release." *Minto*, 2015 WL 3555803 at *4.

4

Accordingly, the Department of Homeland Security "may detain without a bond hearing a non-citizen who has committed certain crimes only if it does so at or around the time the person is released from custody." *Id.*

Here, Petitioner was arrested by ICE over two years after his conditional discharge. A delay of over two years is not "at or around the time of release." *See, e.g.*, *Djombalic v. Shanahan*, No. 15 Civ. 1469, 2015 WL 3606441, at *3 (S.D.N.Y. June 9, 2015) (finding mandatory detention under § 1226(c) inapplicable due to two-year delay between criminal release and immigration detention); *Lora v. Shanahan*, 15 F. Supp. 3d 478, 490 (S.D.N.Y. 2014) (finding mandatory detention not authorized because more than three years elapsed between conviction and immigration detention); *Louisaire v. Muller*, 758 F. Supp. 2d 229, 235-36 (S.D.N.Y. 2010) (holding mandatory detention not authorized because petitioner "was placed in removal proceedings and in mandatory detention more than two years later"). Accordingly, Petitioner is not subject to mandatory detention under § 1226(c) and is entitled to a bond hearing under § 1226(a).

As this holding is sufficient to find for Petitioner on the § 1226(c) issue, the Court declines to address Petitioner's argument that he was never "released" from post-conviction physical custody.

### B. Due Process

Petitioner is entitled to an individualized bond hearing for the independent reason that his prolonged detention violates the Fifth Amendment right to due process. As fully addressed in *Minto*, following *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Demore v. Kim*, 538 U.S. 510 (2003), courts have read § 1226(c) "to authorize a limited period of mandatory detention, after which a detainee is entitled to a bond hearing." 2015 WL 3555803 at *6. After *Demore* and

5

*Zadvydas*, federal courts have analyzed constitutional challenges to the length of a § 1226(c) detention under two different tests.  Some courts have adopted a bright-line rule, holding that aliens cannot be detained pursuant to § 1226(c) for more than six months without a bond hearing.  *See, e.g.*, *Rodriguez v. Robbins*, 715 F.3d 1127, 1138-39 (9th Cir. 2013); *Reid v. Doneland*, 991 F. Supp. 2d 275, 279-81 (D. Mass. 2014).  Other courts have required a fact-based inquiry that varies depending on the petitioner's individual circumstances.  *See, e.g.*, *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234-35 (3d Cir. 2011) (concluding "reasonableness determination must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case" and "errors in the proceedings that cause[d] unnecessary delay"); *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 548-49 (S.D.N.Y. 2014) ("[T]he Court must assess the duration of the detention in proper context, considering factors such as which party bears responsibility for the prolonged detention, whether the continued duration of the detention is finite or near conclusion, and the interests served by continued detention." (citation omitted)).

In *Minto*, the petitioner's due process rights were violated under both the bright-line and fact-based tests because his detention "exceeded twelve months" and continued detention was unreasonable as there was no evidence that he "might be a flight risk or a danger to the community."  2015 WL 3555803 at *7.  The facts of this case are substantially equivalent to the facts in *Minto*.  Here, Petitioner has been detained for over one year, and the evidence does not suggest that he is a flight risk or danger to the community.  Petitioner's removal proceedings will likely continue for at least several more months and potentially much longer because Petitioner seeks to vacate his underlying conviction on the ground that he was not advised of the immigration risks of his guilty plea.  For these reasons, Petitioner is entitled to a bond hearing.

In arguing for a contrary result, Respondents and the Report assert there is no due process

violation because Petitioner is responsible for the delays in the immigration proceedings.  This argument is unpersuasive for at least three reasons.  First, some of the delay is attributable to the immigration court and the Government.  Among other things, the immigration court requested briefing on Petitioner's motion for a bond hearing; the Government obtained some extensions in briefing; and the immigration court did not issue a decision for almost two months.

Second, without expressing an opinion as to the ultimate merits of Petitioner's arguments in his removal proceedings, for purposes of this habeas claim, Petitioner has presented colorable legal arguments for challenging his removal.  *See Bugianishvili v. McConnell*, No. 15 Civ. 3360, 2015 WL 3903460, at *7 (S.D.N.Y. June 24, 2015)  ("[T]he mere fact that a noncitizen opposes his removal, without distinguishing between bona fide and frivolous arguments in opposition, is insufficient to defeat a finding of unreasonably prolonged detention.").

Finally, "[t]o conclude that [Petitioner's] voluntary pursuit of [legal] challenges renders the corresponding increase in time of detention reasonable, would 'effectively punish [him] for pursuing applicable legal remedies.'"  *Leslie v. Attorney Gen. of the U.S.*, 678 F.3d 265, 271 (3d Cir. 2012) (citation omitted); *accord Gordon v. Shanahan*, No. 15 Civ. 261, 2015 WL 1176706, at *5 (S.D.N.Y. Mar. 13, 2015).  Accordingly, Petitioner is entitled to an individualized bond hearing.

## IV.   CONCLUSION

For the foregoing reasons, the Court declines to adopt the Report.  The Petition for a Writ of Habeas Corpus is GRANTED.  Within seven calendar days of the date of this Order, Respondents shall provide an individualized bond hearing to Petitioner to determine whether his detention is justified.  Should they fail to provide such a hearing, Respondents shall release Petitioner from detention.

The Clerk of Court is respectfully directed to amend the caption by substituting Attorney General Loretta Lynch as a respondent in place of former Attorney General Eric Holder and to close this case.

SO ORDERED.

Dated: September 11, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**